SCHOLEY V. WORCESTER.

*Fraud — when creditor cannot have relief against fraud of debtor.*

Where a party has been privy to and assented to a transaction which may be
treated as fraudulent as to creditors he cannot impeach it on that ground.
Accordingly, where H., with the knowledge and consent of S., used moneys
borrowed by him of S. to erect a building on the property of his wife ; *held*,
that the property of the wife was not liable for such indebtedness of H.

APPEAL by defendants from a judgment in favor of plaintiff
entered upon the decision of the court.

The action was brought by John B. Scholey against David F.
Worcester and Frances G. Worcester to charge the lands of the
defendant Frances G. Worcester, with the payment of a judgment
against the other defendant, her husband. The plaintiff's wife
loaned the defendant David F. Worcester moneys which were used
by him in erecting a building on the lands sought to be charged
belonging to the defendant Frances G. This use of the money was
known to plaintiff's wife, who was a sister of defendant Frances G.,
and she took the note of David F. Worcester for such money.
Subsequent to this she died, leaving a last will, wherein plaintiff
was named an executor and residuary legatee. The court below
held that the investment of the moneys borrowed in the house was
with the intent to hinder, delay, and defraud Mrs. Scholey. Such
other facts as are material appear in the opinion.

*George F. Danforth,* for appellants.

*F. A. Macomber,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. There is evidence which tends to raise an inference
that the expenditure of the moneys used by the defendant David F.
Worcester, in building the house upon lands of his wife, was made
with the knowledge and approbation of the testatrix, Mrs. Scholey.
If it should turn out that such was the case, the fact would con-
stitute a perfect bar to the relief sought against Mrs. Worcester,

for a party who has been privy, and assented to a transaction which may be treated as fraudulent as to creditors, cannot impeach it on that ground. In *Steel* v. *Brown*, 1 Camp. 512, Lord MANSFIELD held a bill of sale, where possession had not been taken under it, good between the parties to it *and creditors who concurred in the non-delivery of possession.* So a transfer will not be held fraudulent against persons who became creditors after they had notice of it, or who were privy and assented to it. *Sagitary* v. *Hide*, 2 Vern. 44; *Woodham* v. *Baldock*, 3 J. B. Moore, 11 ; *Bamford* v. *Baron*, 2 T. R. 594, *n.*

In *Olliver* v. *King*, 8 De G. Mac & Gord. 110, a father, after consultation with his brother, executed a voluntary deed assigning a considerable portion of his property to his two sons, and by his will made the brother and sons executors, and died. The brother never impeached the settlement, but acted under the will and was a party to several transactions, proceeding upon the assumption of the validity of the settlement. At his death his executor impeached the voluntary deed as void against the brother, he being a creditor of the debtor on a bond made prior to the deed. The vice-chancellor decided against the validity of the deed (1 Jur. N. S. 1067), but the Lords Justices reversed that decision on appeal. Sir G. J. TURNER said : "The deed was executed with his (the creditor's) full consent and concurrence, and he could not be permitted to say (and if he could not have been, his executors could not be) that the deed thus executed with his full consent and concurrence was a fraud upon him, within the meaning of the statute. 13 Eliz. ch. 5. My opinion is based on this. I consider the true effect of this agreement to be, that John (the creditor) by his consent to this alienation of the assets must have consented to take satisfaction out of the property which remained." A similar principle has often been asserted by the courts of this State. *Pell* v. *Tredwell*, 5 Wend. 697 ; *Phillips* v. *Wooster*, 36 N. Y. 414 ; *Baker* v. *Gilman*, 52 Barb. 26. Indeed, the rule is elementary, that parties who, by their conduct or even silence, have led others to act in opposition to their rights cannot afterward set up those rights against them.

Upon the trial the counsel for Mrs. Worcester offered to prove that her husband David was induced to come to Rochester with his family, at the request of the testatrix, and that at her suggestion and request the premises in this case were purchased, she expressing a desire that the title should be in Mrs. Worcester. The evi-

dence was excluded, and it is not unreasonable to infer that the court supposed that the facts to which the evidence offered related were to be proved by conversations between the defendant David and the testatrix. The offer, however, was not restricted to that particular mode of proof, but was made in general language which would embrace other competent kinds of evidence.

The facts offered to be proved were certainly competent, and very material, according to the principle to which we have adverted, and for the error in excluding the evidence offered there must be a new trial.

*Judgment reversed and new trial ordered.*